

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:  (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

FORTINO DIONISIO and FRANCISCO VENTURA, *individually and on behalf of others similarly situated,*

                             *Plaintiffs*,

          -against-

VK FOOD SHOP INC. d/b/a ELITE CAFÉ, VASILIOS KATEHIS, ANGELO MALIAROS, DIMITRIA MALIAROS, VOULA MALIAROS and REBECCA MALIAROS,

                           *Defendants.*
-------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)

ECF Case

Plaintiffs Fortino Dionisio and Francisco Ventura, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., allege, upon their knowledge and belief, and as against Defendants VK Food Shop Inc. d/b/a as Elite Cafe, (hereinafter "VK Food"), Vasilios Katehis, Angelo Maliaros, Dimitria Maliaros, Voula Maliaros and Rebecca Maliaros (collectively the "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiffs are current and former employees of defendant VK Food, and defendants Vasilios Katehis, Angelo Maliaros, Dimitria Maliaros, Voula Maliaros and Rebecca Maliaros, who own and operate VK Food.

2. Defendant VK Food Shop Inc., by and through its owners, operates the restaurant located at 185 Columbus Avenue, New York, New York under the name of Elite Cafe.

3. Defendant VK Food Shop Inc. is owned and operated by individual Defendant Vasilios Katehis, as VK Food Shop Inc.'s Chairman and/or Chief Executive Officer.

4. Upon information and belief, individual Defendant Angelo Maliaros, serves as owner, principal or agent of Defendant VK Food Shop Inc.

5. Upon information and belief, individual Defendant Dimitria Maliaros, serves as owner, principal or agent of Defendant VK Food Shop Inc.

6. Upon information and belief, individual Defendant Voula Maliaros, serves as owner, principal or agent of Defendant VK Food Shop Inc.

7. Upon information and belief, individual Defendant Rebecca Maliaros, serves as owner, principal or agent of Defendant VK Food Shop Inc.

8. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and liquidated damages, interest, attorneys' fees, and costs, and

the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiff Francisco Ventura*

13. Plaintiff Francisco Ventura ("Plaintiff Ventura" or "Mr. Ventura") is an adult individual residing in Queens County, New York.

14. Plaintiff Ventura is a current employee of defendants. Mr. Ventura was employed by the Defendants from approximately January 2002 through the present date. His duties include

washing dishes, making deliveries, cleaning the work area and basement, and making any necessary repairs in the restaurant.

15. Mr. Ventura's work duties require neither discretion nor independent judgment.

16. From approximately 2002 until the present date, Plaintiff Ventura has regularly worked in excess of 60 hours per week.

17. Plaintiff Ventura works a shift from approximately 5:00 a.m. until approximately 3:00 p.m., six days a week.

18. During his employment with the Defendants, Mr. Ventura has been paid solely in cash.

19. During his employment with the Defendants, Mr. Ventura was paid a flat rate of $250.00 per week, without regard to actual hours worked or duties performed within the week.

20. On those occasions that he was required to make deliveries, Mr. Ventura earned approximately $15.00 to $20.00 per day in tips, however, (a) Mr. Ventura was never notified by any Defendant that his tips were considered part of his wages, (b) Defendants never made any accounting of Mr. Ventura's tips received or provided any tabulation or accounting of tips to offset wages, and (c) Defendants did not post, or otherwise provide, applicable tip or wage information or posters as required by the NYLL or FLSA.

21. Mr. Ventura has not paid any amount for a total of four weeks, despite having performed services for Defendants.

*Plaintiff Fortino Dionisio*

22. Plaintiff Fortino Dionisio ("Plaintiff Dionisio" or "Mr. Dionisio") is an adult individual residing in Queens County, New York.

23. Plaintiff Dionisio is a current employee of Defendants. Mr. Dionisio has been employed by the Defendants from approximately January 2002 through the present. His duties include working at the grill (cooking hamburgers, chicken, and all the breakfast items) and also preparing the pasta dishes.

24. Mr. Dionisio's work duties required neither discretion nor independent judgment.

25. From approximately January 2002 until the present date, Plaintiff Dionisio regularly works in excess of 60 hours per week.

26. Plaintiff Dionisio works a shift from approximately 5:00 a.m. until approximately 3:00 p.m., six days a week.

27. During his employment with the Defendants, Mr. Dionisio has been paid entirely in cash.

28. During his employment with the Defendants, Mr. Dionisio has been paid a flat amount of $680.00 per week.

29. Mr. Dionisio has not been paid for a total of three weeks despite having performed service for Defendants.

*Defendants*

30. Defendant VK Food Shop Inc. ("VK Food" or "defendant corporation") is a corporation organized and existing under the laws of the State of New York. VK Food owns and operates a restaurant located at 185 Columbus Avenue, New York, New York 10023 under the name Elite Cafe, at all times relevant to this complaint. It maintains its principle place of business at 185 Columbus Avenue, New York, New York 10023.

31. Defendant Vasilios Katehis ("Defendant Katehis") is an individual engaged in business in this judicial district. Defendant Katehis is sued individually in his capacity as an owner, officer and/or agent of defendant corporation. Defendant Katehis possesses operational control over VK Food, possess an ownership interest in VK Food, controls significant functions of VK Food, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32. Defendant Angelo Maliaros ("Defendant Angelo") is an individual engaged in business in this judicial district. Defendant Angelo is sued individually in his capacity as an owner, officer and/or agent of defendant corporation. Defendant Angelo possesses operational control over VK Food, possess an ownership interest in VK Food, controls significant functions of VK Food, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33. Defendant Voula Maliaros ("Defendant Voula") is an individual engaged in business in this judicial district. Defendant Voula is sued individually in her capacity as an owner, officer and/or agent of defendant corporation. Defendant Voula possesses operational control over VK Food, possess an ownership interest in VK Food, controls significant functions of VK Food, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Upon information and belief, Defendant Voula resides at 75 West End Avenue, Apt. 25A, New York, New York 10023.

34. Defendant Dimitria Maliaros ("Defendant Dimitria") is an individual engaged in business in this judicial district. Defendant Dimitria is sued individually in her capacity as an owner, officer and/or agent of defendant corporation. Defendant Dimitria possesses operational

control over VK Food, possess an ownership interest in VK Food, controls significant functions of VK Food, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

35. Defendant Rebecca Maliaros ("Defendant Rebecca") is an individual engaged in business in this judicial district. Defendant Rebecca is sued individually in her capacity as an owner, officer and/or agent of defendant corporation. Defendant Rebecca possesses operational control over VK Food, possess an ownership interest in VK Food, controls significant functions of VK Food, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

36. VK Food Shop Inc. is a corporation owned, controlled, and operated by Defendants Vasilios Katehis, Angelo Maliaros, Dimitria Maliaros, Voula Maliaros and Rebecca Maliaros.

37. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38. In each year from 1990 to the present, the Defendants had gross annual sales of not less than $500,000.

39. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

40. Upon information and belief, Defendants Vasilios Katehis, Angelo Maliaros, Dimitria Maliaros, Voula Maliaros and Rebecca Maliaros (collectively the "individual defendants") (1) operate VK Food Shop Inc. as either an alter ego of themselves, and/or (2) fail to operate VK Food Shop Inc. as an entity legally separate and apart from themselves, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate VK Food Shop Inc. as a *bone fide* corporation, (b) defectively forming or maintaining the corporate entity of VK Food Shop Inc., by amongst other things, failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between themselves and VK Food Shop Inc., (d) operating VK Food Shop Inc. for their own benefit as the majority shareholders, (e) operating VK Food Shop Inc. for their own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of their own with VK Food Shop Inc., (g) diminishing and/or transferring assets in favor of bankruptcy of the VK Food Shop Inc. entity to avoid full liability as necessary to protect their own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

*General Employment Practices*

41. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

42. Plaintiffs were paid at or below the minimum wage. As detailed below, Defendants' pay practices resulted in Plaintiffs not receiving payment of all of their hours, so their effective rate of pay was reduced below the minimum wage.

43. Further, Defendants paid Plaintiffs a flat rate without regard to actual hours worked, and did not properly record the number of hours worked per day or week, so as to derive an appropriate base hourly wage rate.

44. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

45. For example, Defendants usually paid Plaintiffs entirely in cash, and have not provided Plaintiffs with appropriate weekly or other records of wages, hours worked, or amount paid.

46. Upon information and belief, this was done so to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

47. Defendants did not pay Plaintiffs for their full time worked, nor did they pay additional overtime pay, or Spread of Hours Pay.

48. Defendants did not provide Plaintiffs with applicable wage, hour, and tip credit notices as required by the posting and notice requirements of the FLSA and NYLL.

49. Defendants did not inform Plaintiffs to whom tips were paid that tips would be offset against the calculation of their wages, therefore, no tip credit against any Plaintiffs' wages may be maintained.

50. Upon information and belief, Defendants are not paying Plaintiffs within the minimum period of time required following the performance of their duties as required by the NYLL and the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

51. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

52. At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

53. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

54. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

55. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

56. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

57. Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

58. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

59. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

61. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

62. Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

64. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

66. Defendants knowingly, or otherwise in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

67. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

68. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. Defendants willfully, or otherwise in violation of the NYLL, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

71. Defendants failed to pay Plaintiffs and the putative New York Class members in a timely fashion, as required by Article 6 of the New York Labor Law.

72. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

74. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs and the putative New York Class members' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

76. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

77. Plaintiffs have been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants have violated the overtime wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(d) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs (including the prospective collective class members);

(e) Declaring that the Defendants have violated the recordkeeping requirements of the FLSA and NYLL with respect to Plaintiffs' compensation, hours and wages (including the prospective collective class members);

(f) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(g) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs (including the prospective collective class members);

(h) Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL as applicable;

(i) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b) as applicable;

(j) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(k) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(m) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 8, 2008

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*
